IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TIFFANY CHABOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 321-053 |
| | ) |
| MOTEL 6 OPERATING, LP; | ) |
| G6 HOSPITALITY LLC; | ) |
| G6 HOSPITALITY PROPERTY LLC; | ) |
| HWY 441 GROUP, LLC; | ) |
| ONITY, INC.; and | ) |
| JAYABLE MOTEL, LLC, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On September 14, 2021, the Court denied Plaintiff's IFP motion without prejudice and directed her to submit an updated IFP motion containing current, accurate, and complete financial information, or alternatively, to pay the $402.00 filing fee. (Doc. no. 6, p. 2.) The Court also directed Plaintiff to submit an amended complaint because of multiple pleading deficiencies. (Id. at 3-6.) The Court cautioned Plaintiff that failing to submit a timely updated IFP motion and amended complaint would result in a recommendation for dismissal of this action, without prejudice. (Id. at 3, 6, 8.) Plaintiff belatedly submitted a renewed IFP motion, which the Court granted, and she requested and received an extension of time until November 8, 2021, to submit an amended complaint. (Doc. nos. 7, 8, 11.) The Court again

cautioned Plaintiff that failing to submit an amended complaint by November 8th would result in recommendation for dismissal.  (Doc. no. 11, pp. 1-2.)  The time to respond has passed, but Plaintiff has not submitted an amended complaint.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint after receiving an extension of time to do so, or even to provide an explanation for her failure to comply with the Court's prior orders, amounts not only to a failure to prosecute, but also an abandonment of her case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned

Plaintiff that a failure to submit an amended complaint would result in a recommendation for dismissal. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's prior orders. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of November, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA